Number 191053 Danielson-Mendez-Concalves Pontes v. Wayne P. Barr Thank you Mr. Mayor, good morning Good morning, Your Honor. Jerome Mayorkin, too, for the petitioner, Mr. Pontes May I reserve three minutes for rebuttal? Yes Thank you, Your Honor As I see it, this case boils down to three questions The first is whether the government ever issued a notice to appear that contained all of the information required by 8 U.S.C. section 1229 The answer is no So that brings us to the second question Did the agency ever have any statutory authority to issue a notice to appear that did not comply with the statute? Again, the answer is no Executive agencies literally have no power beyond those afforded to them by Congress Here, Congress has designated the sole and exclusive procedure for removing non-citizens like my client And in section 1229 of U.S. Code, chapter 8 it states that the government shall issue a notice to appear that includes at a minimum and among other things the removal hearings time and place And so that brings us to the third question What remedy attaches if the government attempts to remove rather, attempts to initiate a removal proceeding in a way that conflicts with a federal statute? I see a fourth question I don't know exactly what order I would put it in but I would also add Can the government remedy a mistake it has made in which it notifies the defendant the same information it would have notified him originally? Maybe that's not the best way of pointing it but I think you get the idea I understand what your honor is asking Can the government shear a defective notice? The answer is yes, it can But the way it can do so is by filing a notice that complies with the statute The government cannot shear a defective notice by filing another notice that is defective And let me be clear Well, doesn't that depend on how you characterize the notice requirement? Because Judge Torolla's question is really reminiscent of the way the Seventh Circuit has chosen to analyze this matter If you treat the notice requirement as a claims processing rule as Judge Wood does in her decision then the question of how that defect gets remedied ties into the question of whether or not the alien raised the question in a timely fashion and so on and so forth Correct, so I believe I have two questions and let me see if I can answer them in reverse order So yes, if this is a claims processing rule then it requires the non-citizen to raise this in the agency proceedings below Now my client, Mr. Pontes, did so He did so in a way that the agency deemed timely Practically allowed the agency to rule on the merits But when you say he raised it before the agency he didn't raise it before the immigration judge No, your honor And the answer is that at the time the government removed My client is in some way a victim of poor timing At the time that the agency initiated Many of us are When the agency initiated these proceedings the law of this court had decided the Pereira case in a way that favored the government And so my client did what any reasonable immigration attorney would have advised him to do which was to show up and contest on the merits Except that this court's Pereira ruling was being contested at the time So there was nothing to prevent your client from showing up and raising the question of the defective notice Then let me make a different type of argument And I think this is an important structural one And it's the chainery rule So I understand the chainery rule And that rule is a structural rule It prevents this court from affirming an agency order for reasons that were never discussed or contemplated by the agency proceeding below Now if your honor is asking Is there some sort of timeliness procedural waiver Let me address that in two points First, waiver is a procedural defense that the government never raised below It was not considered by the agency below And the government does not raise in its briefs to this appeal So under the ordinary rules, that argument is waived Even if that weren't so The chainery rule prevents this court from stating Well, you know, there's a different procedural rule that the agency could have considered It never did, but we're going to swap in that logic If this court believes that this was a time where there was some procedural flaw in the proceedings below that is very different than what the agency determined which was that the government complied with the law It would not be my client's preferred outcome my client's most preferred outcome But if this court is inclined to say that the government did not comply with the statute yet there are further procedural reasons why he may be denied relief the answer is that this court should reverse the agency decision and remand for further factual findings in order to determine what facts, when it was raised whether it was timely raised Can we get to what I view as the principal question in this matter? The overwhelming majority of the circuits that have addressed this question albeit on somewhat differing rationales there is no real unanimity of thought that I can detect have ruled that the statutory requirements of the notice to appear do not apply in this administrative adjudicatory proceeding and that the agency was free, as it has done by regulation to create its own notice to appear and its own requirements for the notice to appear and some have talked about it in terms of subject matter jurisdiction others, such as the Fourth Circuit, have talked about it in terms of adjudicatory authority of an administrative agency What I'd like to hear is your argument as to that issue as to why the statutory definition rather than the agency's creation of what appears to be its own form of notice to appear for this purpose shouldn't control Yes, Your Honor, and I guess my answer would have two parts So first we just have to look at it in the framework set forth by City of Arlington v. FCC which says that every question of an executive agency's power is you just measure the statute against the government's conduct and here the statute says one thing and the government did another But yes, the government contends that it complied with its own regulation but that begs the question of whether an executive agency can redefine terms used by Congress and the answer is no and it would be quite a ruling if this Court were to hold that an executive agency can rewrite the words of Congress because if an agency can rewrite Congress's words it can rewrite Congress's laws Now I think that the Ninth Circuit very persuasively concluded in the Lopez case that here the regulation rewrites the statute and I think that the distinction that there is daylight between the agency and the statute So let me just fortify this with one other decision In Pereira, this Court, excuse me, the Supreme Court really looked at the three words found them to be clear and unambiguous and it concluded that these three words mean the same thing all throughout the statute and the agency therefore cannot use its rulemaking power to write loopholes into statutes enacted by Congress Yeah, but that analysis totally overlooks the Supreme Court took extreme pains to say more than once in Pereira that it was deciding only a very narrow question That is the relationship between the statutory notice to appear and the stop time rule and that was all that was decided Your Honor, I think there are two ways that I might respond Yes, the Court did characterize its holding as narrow One way of kind of, you know, interpreting what that means is that it decided a narrower question than the question presented by the petitioner But the, I think, more practical way of looking at it is that yes, this would have been a very narrow ruling if the government hadn't committed this so many times It's just that the government has committed this narrow error over and over and over again And that's really what I might, brings me, you know I'm tempted to call this the government's too-big-to-fail argument They're saying that we have done this so many times and so frequently that it can't possibly be illegal But I didn't ask you anything about that To be perfectly frank, I think that argument is beside the point Right? Your Honor What bothers me is Here is a term, notice to appear This notice is subject to use in a variety of contexts The agency that has been tasked with implementing it has defined how it is to be used in one context Unlike in Pereira, there is no conflict between two congressional enactments This isn't like the stop-time rule in my, to my mind And I struggle with the notion that under principles of administrative law an agency shouldn't have that degree of flexibility The agency hasn't done away with the time and place requirement The agency hasn't proceeded in proceedings where at least in any of these proceedings that are before us now where the alien hasn't had due notice of the time and place Indeed, none of these aliens timely raised any such defense And I struggle with the notion of why the seven or eight circuits that have decided this question against you haven't got it right Your Honor, I would rely on the Seventh Circuit and the Ninth Circuit But the Seventh Circuit decided against you They decided this point in your favor But they said, oh, but it's a claims processing rule And since it wasn't raised before the IJ, it's forfeit So that Seventh Circuit case doesn't help you very much It might get you a remand in this case But it's not going to win the war for you Your Honor, even a remand would be an improvement on the status quo So maybe I can just add one more data point that I haven't gotten to here As to why the agency cannot redefine the word notice to appear in a way that suits it, in a way that it deems to be more practical perhaps, than the system that Congress enacted And that is in the regulatory history We cite this in the brief If you look at the regulatory history I see that I have ten seconds left I'm going to try and squeeze it in The regulatory history states that when it promulgated this regulation It was not supplementing the Congressional definition May I finish the sentence? Yes, finish it It said that it was, quote, Implementing the new statute's notice to appear requirement And that regulatory history indicates that They are one and the same Thank you I did have one question that that prompts Suppose the agency had simply promulgated the rule That a proceeding is commenced with a charging document And the charging document shall name the person And the grounds of removal Period It seems to me that we would find that A proceeding in which such a document was filed Was commenced and the agency has jurisdiction So, why is it any different if they instead say The agency shall file a notice of appear to appear But it doesn't have to have all the information A notice to appear would have to have to trigger the stop time rule No, I think the answer is found in footnote 7 of the Pereira decision That is where the government contended that Look, you know, the function of a notice to appear can vary You can think of it as a document that is intended to provide notice Or it can be intended to serve as a charging document But neither the court nor the legislation says That the only way you can jurisdictionally commence a proceeding Is to file a compliant notice of appear Notice to appear Now, the Congress has not said that So that's left open to the Secretary And the Attorney General I think I do understand it And the question is whether or not I would just, the one word I would take issue with Is the word jurisdictional Because under City of Arlington versus FCC Again, everything just boils down to whether or not The agency strayed beyond the authority given to it by Congress And so the agency, here the statute states Exactly what the government needs to do to initiate a proceeding And it states exactly what a notice to appear needs to contain The government never did so And thus it did not initiate this proceeding In a way that comports with federal law Thus, the remedy should be to terminate this case And invite the government to re-initiate this proceeding It could do so tomorrow In a way that comports with the statute If there are no questions, I will take my seat Thank you Ms. Corliss, good morning May this court move to Corliss for the respondent Now, Petitioner argues that because his notice to appear Amid the time and date of his first hearing That jurisdiction never rested with the immigration court And that his entire immigration proceedings avoid ab initio Now, ten of this court's sister circuits Have already heard this argument And have already decided Eight in published decisions And two in unpublished decisions And they have all unanimously rejected this precise argument No, well that's not true Because the Seventh Circuit didn't reject it They accepted it, but said that Although there was a failure on the part of the government It wasn't a jurisdictional failure That we should treat the notice to appear As a claims processing rule That's the point Most of the circuits that have addressed it Have rejected it But doesn't it trouble you somewhat That there is no unifying rationale Those decisions are all over the lot There wasn't complete unanimity As far as the justification for why jurisdiction did attach But they were unanimous that jurisdiction attached They weren't even unanimous in that The Fourth Circuit, for example Said this isn't a jurisdictional question at all That's correct I think they were saying the same thing in different ways I think that they thought that there was jurisdiction When you're searching for unanimity In those circuit decisions You're not going to find it And that detracts to some measure From their persuasive force And you've got to face up to that I will, I will say Do you think this is a jurisdictional question Or simply a question of administrative agency Adjudicative authority We would urge that this court Follow the Fifth, the Fourth, and the Seventh And find that it's a claims processing issue But that doesn't answer my question Because the Fifth taught The Seventh taught in terms of jurisdiction And the Fourth taught in terms of administrative agency Adjudicative authority And I'm asking you Which of those characterizations The government believes is proper Because they may have different legal consequences This is true So the Fourth Circuit has explained That there are two different usages Of the term jurisdictional There's colloquial, jurisdictional And then there's actual legal jurisdictional requirements Which implicate the agency's actual adjudicatory power As given to it by Congress Now the Supreme Court explained In Henderson v. Shinzaki That among the types of rules That should be considered To be claims processing rules And not jurisdictional Are rules that seek to promote The orderly progress of litigation By requiring that the parties Take certain steps at certain times Now the text of CFR Section 1003.14 Doesn't focus on the immigration court's Fundamental power over a case Instead it's focusing on requiring the parties To take certain actions at certain times And therefore it is a claims processing rule To go back a little bit to What the Seventh Circuit is finding In relation to when something is a claims processing rule Just yesterday, less than 24 hours ago They released a new published decision In Hernandez-Garcia In which they stated that A petitioner who had complained That her notice to appear was deficient Failed to show prejudice And therefore the court denied her claim As a harmless error That's a case that I at least am not familiar with So you'll supply that to us by a Rule 28J letter Within the next two or three days? I can do that, I apologize I was traveling and didn't hear you I'm not criticizing you for not doing it It was just decided yesterday But I'd like to be sure that we get it Within a few days Yes, I can make sure that that's filed And of course your brother will have an opportunity To respond to your 28J letter Okay, I will do that So just to go back a little bit To what the Fourth Circuit was saying About why this is a claims processing rule Rather than a jurisdictional rule The history of the regulation Also supports the idea That this is a claims processing rule So before IRR And the combination of these regulations The service, the INS Had a lot of power over the dockets In the immigration court And they could put a case on, take it off The regulations make it so that There's going to be something that commences A document that commences The proceedings in immigration court So that the courts, the immigration courts themselves Would have power over their dockets So they're creating these regulations In order to promote the orderly progress of litigation So once again that adds support to the idea That this is a claims processing rule And therefore it is subject to the same sorts of Statutory limitations like forfeiture and waiver And whether or not it could be perhaps harmless error Now you talk about the Fourth Circuit case We're speaking about the same case That's Judge Harris' decision And Cortez, yes All right You say that she describes it as a claims processing rule I thought that was her alternative holding I thought her holding was somewhat Was that simply there Under the regs Adjudicative authority properly attached But that Even if it didn't There was this alternative round Which was the claims processing rule Am I mistaken in that? No you're not mistaken Because you were describing that As though that were the holding of the case And I didn't read it that way Oh I'm sorry I meant to be responding to your question About whether it was a claims processing I will go back and I can discuss Why the notice to appear was not defective As petitioner claims that it was For the purpose of commencing its proceedings In immigration court There's no defect because the regulations That govern the filing of the notice to appear Do not require the inclusion Of a hearing date or time So while the statute broadly Grants subject matter jurisdiction To the immigration courts To conduct proceedings To determine the admissibility or removability Of aliens It's silent as to how those claims Are actually commenced in immigration court Only the regulations Answer that question Why do we need to wrestle with Whether the notice to appear Is quote unquote defective Or not Or different than the statutory one It seems to me That what the government Has done here Is simply said You can commence a proceeding With a defective notice to appear As long as prior to the proceeding You make sure the person knows The information that should have been In the defective notice That's true And is there anything that would Prevent the government From commencing a proceeding With a defective notice There's not If the statute At 1229A Had stated that this is the Document that's going to commence proceedings Then yes there would be a problem But there's nothing in the statute That says that that document Is tied to the beginning Of the immigration court's proceedings And There are many instances In which a court may Waive certain requirements For a claims processing purpose That later on need to be Protected for a different purpose In this case You know I'll give an example of that The statute says an asylum application Needs to be filed within a year And that it needs to Cover many different Birds of proof that the alien may have Often an immigration judge May ask for a skeleton Asylum application to be filed in the immigration court And then later on They can supplement that The skeleton application being something that just gets Under the time limit And then the alien can then supplement The information that's in that skeleton application There's nothing That prevents The immigration courts From having A certain document that might be Imperfect as far as notice goes In the statute But that is just fine in order to commence Proceedings in immigration court And that's precisely What those regulations state So you see at 1003.14 They say that jurisdiction vests And proceedings commence when a Judging document is filed in the Immigration court The regulation just before that Explains that one such Document is a notice to appear And at 8 CFR Section 1003.15 They list the requirements For that notice to appear And the timing And date of the first hearing in the immigration court Are not among those requirements And in fact the regulations Specifically contemplate that Such information would be missing At 8 CFR 1003.18 They state that that information should be Included only where Practical and if not it can be Provided later and set for notice By the immigration courts So That last part is not in the regulation It's just as practical They do say that it's practical It could be at any time or never at all It actually It goes on to state in 8 CFR Section I think I have the entire Regulation At 8 CFR 1003.18 Cited in the Brief in Ferrara that I wrote And it And it does say That if that Information is not included That it should be later provided to the alien So It does say that it should be later provided to the alien The information but it doesn't Require that it be on that notice to appear I just Took a moment to address Petitioner's arguments that this court Cannot Exceed the holdings that the board Made because Otherwise he says that it Would be a general violation This is an issue that The court looks at in De Novo And generally They explain that The courts are not required to As they Colorfully describe it With the agency On issues that the court Decides to De Novo So since this is a legal issue There's no reason for this court To decide the legal Result Then send it back to the agency With instructions to find that legal result And then have it come back up here To make sure that the agency Correctly applied But I think their client would be the first to argue That for example waiver Is a doctrine That's somewhat in its discretion Whether to deem something waived or not So that wouldn't be a game of Ping pong That would be we would send it back to find out if they want to Apply a waiver Oh I didn't mean That whether or not The petitioner had waived it or not I was just saying that this court can Find that this is a claims processing Rule without having to send it back To the agency To determine whether it's a claims processing rule Or a jurisdictional issue So you think the agency has no statutory authority To say this is not just a claims Processing rule I mean certainly And we would be precluding them From saying that Which we can't do generally This court This court can interpret The regulations Or interpret So the supreme court has stated That That certain types of rules That have certain characteristics Are not jurisdictional in nature And this court certainly can Decide that something is not jurisdictional in nature But I would say that Before this court would get there They would have to find That the notice to appear Was first defective And once again I would just say that The regulations state What information Needs to be included For the notice to not be defective For the purpose of commencing proceedings And it did comply with all of those regulations Your basic argument As I understand it When we strip it to bare essence Is that Whether or not The notice to appear was defective The The regulations Permit you to supply the information Downstream You did apply that That information And thus there is no Jurisdictional Or other power Regarding adjudicative authority And that we can get there Simply by Notifying this court To do that And that Chenery doesn't prevent us from doing that Yes Thank you for stating that more specifically And unless the Court has any more Questions Thank you Thank you I'd like to make Three quick points Your Honor So I think that There are many factors rotating around In this case and I just want to make this a One-dimensional issue Which is whether the government complied with the statute Put aside the regulations And I think the answer is Found in section 1229 which states That there is one sole and exclusive Procedure for these removal proceedings Now Judge Kayada That brings us to your question You asked whether the government can commence or initiate A removal proceeding with a Quote defective notice to appear I think that premise The underlying premise is that The agency was acting outside Of the statutory framework No, no, no, no, no Certainly if there were a statute that said You can only commence a proceeding with A proper notice to appear Or even said we can only start a proceeding With a notice to appear Then you'd have a point And I don't know what you said But where in the statute does it say That a Charging proceeding can only be Commenced, the only charging document That can commence a proceeding Is a complete or proper notice to appear What I'm doing Is putting together two different statutes Section 1229A in no Parenthesis which states that there is One sole and exclusive Procedure and then Section 1229A1 Which states the government shall File a notice to appear That proceeds in this way Now let me move on to the second point The government is arguing, really for the first time And I took it as a surprise That this is a claims Processing rule, that's not the Theory that they articulated in the brief to this Court and I think that it does Warrant a remand To the agency, now this The government also floated a number Of procedural defenses such as Waiver, forfeiture, harmless Error, but I do think that All of those are fact bound issues That the agency is not only In the best position to Assess in the first instance, but That the chain rule prevents this court From inventing on Appeal for the first time, so I think a Remand would be the most appropriate If this court believes that this is A claims processing rule and there Are procedural defenses Available to the government, but I will add That they never raise those in the agency Proceeding below, nor in the brief Before this court, and so Your Honor, I think that wraps it up I would just I would just conclude by stating that Ultimately I think that the regulation has Muddied up what I do think is a fairly Straightforward procedure It is, the regulation Was enacted to Implement a new A notice to appear requirement That replaced the very two part Notice requirement that used To exist before 1996 The agency steadily And continuously has been ignoring The statute. My client challenged This in a way that the agency Recognizes timely, and so this court Should consider it. Thank you Thank you